The opinion of the court was delivered by
Gibson, J.
"It is unnecessary to decide, whether a tender of bonds according, to1 the plaintiff’s covenant, was a condition precedent to bringing suit: the affirmative of that question seems to be conceded on the pleadings; and for the purposes of the argument I shall consider the covenants as dependent. The plaintiff averred, that he had always been “ ready to perform all and .singular those things in the same agreement contained, which on his part were to be performed, according to the true intent and meaning thereof;” but without averring actual performance or a tender, or setting out, as he ought to have done, the circumstance on which he relied at the trial as a valid excuse for the want of either, and which was in fact so — the conceded inability of the defendant to convey an unimpeachable title at the time stipulated: for without showing something to excuse actual performance or a tender, an averment of mere readiness and willingness is insufficient on demurrer, or in error, where the judgment is by default. The defendant pleaded covenants performed, and non infregit conventiones, with a special traverse of the plaintiff’s averment. Now all that was put in issue, by this, was the plaintiff’s readiness: not actual performance *47 on his part, or a tender of performance. Proof of the facts, required by the defendant, would therefore not have been pertinent. Suppose the matter of excuse had been pleaded properly — it will not be contended, the plaintiff would still have to prove perform-r anee or a tender; and if it be pleaded defectively, that will not change the nature of the proof: the plaintiff will have to prove the matter of excuse, just as if it were well pleaded; and it is precisely for this reason a defective averment of this sort, is held good after verdict. I can therefore see no error in the direction to the jury.
Judgment affirmed.